IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IAN ROSS, | ) | CIVIL NO. 17-00200 RLP |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | GRANTING DEFENDANT RENGO |
| vs. | ) | PACKAGING, INC.'S MOTION TO |
| | ) | DISMISS |
| RENGO PACKAGING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT RENGO PACKAGING, INC.'S MOTION TO DISMISS

Before the Court is Defendant Rengo Packaging, Inc.'s

Motion to Dismiss, filed on July 13, 2017 ("Motion"). ECF No.

10. Plaintiff filed his Opposition on August 9, 2017. ECF No.

15. Defendant filed its Reply on August 29, 2017. ECF No. 19.

The Court finds this matter suitable for disposition without a

hearing pursuant to Rule 7.2(d) of the Local Rules of Practice

for the United States District Court for the District of Hawaii

and VACATES the hearing set for September 15, 2017. See ECF No.

13. After carefully reviewing the parties' submissions and the

relevant legal authority, the Court GRANTS the Motion.

BACKGROUND

In his Complaint, Plaintiff alleges that he was hired

by Defendant on August 1, 2014. ECF No. 1 ¶ 7. Plaintiff

alleges that between August 1, 2014, and May 29, 2015, Plaintiff

was subjected to racial harassment by another employee who

repeatedly called Plaintiff a "f-ing haole," even after Plaintiff

repeatedly told the employee to stop referring to him in that manner.  Id. ¶¶ 8, 9.  Plaintiff alleges that he complained about the harassment to the Defendants' human resources manager, but no action was taken to address the matter.  Id. ¶ 10.  Plaintiff alleges that he was suspended from his job two times for leaving in early 2015.  Id. ¶ 11.  Plaintiff alleges that he did not violate the company's workplace violence policy.  Id. ¶ 12.  Plaintiff alleges that he was terminated from employment with Defendant on May 29, 2015, "due to discrimination based on his race which is White, and in retaliation for complaining about discrimination."  Id. ¶¶ 4, 13.

        Plaintiff asserts claims for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and a claim under Hawaii's Whistleblower's Protection Act ("HWPA").  Id. ¶¶ 16-26.  Plaintiff also seeks damages for intentional infliction of emotional distress.  Id. at 5.

        In the present Motion, Defendant argues that Plaintiff's Complaint must be dismissed because it fails to plausibly allege facts in support of Plaintiff's Title VII and HWPA claims.  ECF No. 10-1.  Defendant also argues that Plaintiff's claim for intentional infliction of emotional distress must be dismissed because it is barred by the exclusivity provision of Hawaii's Workers' Compensation Law.  Id.

Under Rule 12(b)(6), the Court may dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient.  Id. (quoting Twombly, 550 U.S. at 555).  If the complaint is dismissed, the Court should grant leave to amend unless the Court determines that the pleading cannot be cured by new factual allegations.  OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

**I. Defendant's Request to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress is GRANTED.**

Defendant seeks dismissal of Plaintiff's intentional infliction of emotional distress claim on the basis that Hawaii's

Workers' Compensation Statute, Hawaii Revised Statutes Section 386-5, provides the exclusive remedy for work-related injuries, including emotional distress. ECF No. 10-1 at 12-13. "Generally, the workers' compensation scheme serves to bar a civil action for physical and emotional damages resulting from work-related injuries and accidents." Nelson v. Univ. of Haw., 38 P.3d 95, 112 (Haw. 2001). "Under the workers' compensation statute, the workers' compensation benefits provided to an employee on account of a work injury 'shall exclude all other liability of the employer to the employee' on account of that injury." Yang v. Abercrombie & Fitch Stores, 284 P.3d 946, 950 (Haw. Ct. App. 2012); see also Chan v. Wells Fargo Advisors, LLC, 124 F. Supp. 3d 1045, 1060 (D. Haw. 2015) (holding that the plaintiff's claim for intentional infliction of emotional distress related to his disability discrimination was barred by section 386-5). Although specific exceptions are enumerated in the statute, they do not apply here. See Haw. Rev. Stat. § 386-5. Plaintiff agrees that his claim for intentional infliction of emotional distress should be dismissed. See ECF No. 15 at 8. Accordingly, Defendant's request to dismiss this claim is GRANTED.

**II.  Defendant's Request to Dismiss Plaintiff's Title VII Claims is GRANTED.**

Title VII of the Civil Rights Act of 1964 prohibits

employment discrimination based on race, color, religion, sex or national origin.  42 U.S.C. § 2000e et seq.  "Title VII's anti-retaliation provision forbids employer actions that discriminate against an employee . . . because he has opposed a practice that Title VII forbids."  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 62 (2006) (citations omitted).

### A.  Race Discrimination

To establish a prima facie case of unlawful discrimination under Title VII, a plaintiff must plausibly allege that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  Hawn v. Exec. Jet Mgmt., 615 F.3d 1151, 1156 (9th Cir. 2010); Berry v. Dep't of Social Servs., 447 F.3d 642, 656 (9th Cir. 2006).

Here, Defendant argues that Plaintiff's race discrimination claim fails because Plaintiff did not allege that similarly situated individuals were treated more favorably.  ECF No. 10-1 at 4-6.  The Court agrees.  Plaintiff has failed to allege that similarly situated individuals outside of the protected class were treated more favorably.  Although Plaintiff alleges that another employee called him a "f-ing haole," the

5

Complaint does not contain any other allegations regarding other employees or how they were treated by Defendant.  Additionally, Plaintiff does not allege any other facts regarding the circumstances of his termination that would "give rise to an inference of discrimination."  See Hawn, 615 F.3d at 1156.  Plaintiff alleges that he was "suspended from his job for leaving" and "denies that he violated the company's workplace violence policy," but these allegations do not suggest that he was terminated based on discrimination.  Because Plaintiff fails to allege that Defendant treated other similarly situated employees more favorably or other facts that give rise to an inference of discrimination, Plaintiff's Complaint fails to state a claim under Title VII for unlawful discrimination.  Defendant's request to dismiss this claim is GRANTED.

**B.  Hostile Work Environment**

Although Plaintiff's Complaint does not expressly state a claim for hostile work environment, Defendant argues in its Reply that Plaintiff's Opposition attempts to recharacterize Plaintiff's unlawful termination claim as a claim for hostile work environment.  See ECF No. 19 at 5-9.  To state a hostile work environment claim under Title VII, a plaintiff must plausibly allege:  "(1) that he was subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or

6

pervasive to alter the conditions of the plaintiff's employment
and create an abusive work environment." Vasquez v. Cnty. of
L.A., 349 F.3d 634, 642 (9th Cir. 2003). Whether conduct at
issue is "sufficiently severe or pervasive" to violate Title VII
turns on "all the circumstances, including the frequency of the
discriminatory conduct; its severity; whether it is physically
threatening or humiliating, or a mere offensive utterance; and
whether it unreasonably interferes with an employee's work
performance." Id. Additionally, "[t]he working environment must
both subjectively and objectively be perceived as abusive." Id.

Here, Plaintiff alleges that another employee
repeatedly called Plaintiff a "f-ing haole" even after Plaintiff
told that employee to stop referring to him in that manner. ECF
No. 1 ¶¶ 8, 9. However, the Complaint fails to allege conduct
that was so severe or pervasive to alter the conditions of
Plaintiff's employment and create an abusive work environment.
Although Plaintiff alleges that another employee repeatedly
called him an offensive name, Plaintiff does not allege any facts
regarding the frequency and severity of the conduct or whether it
interfered with Plaintiff's job performance. Because Plaintiff
does not allege sufficient facts demonstrating that any conduct
was severe or pervasive enough to violate Title VII, Plaintiff's
Complaint fails to state a claim under Title VII for hostile work
environment. Defendant's request to dismiss this claim is

GRANTED.

### C. Retaliation

To state a prima facie case of retaliation, Plaintiff
must show that:  (1) he engaged in a protected activity; (2) he
was subjected to an adverse employment action; and (3) a causal
link exists between the protected activity and the adverse
employment action.  See Ray v. Henderson, 217 F.3d 1234, 1240
(9th Cir. 2000); Nidds v. Schindler Elevator Corp., 113 F.3d 912,
919 (9th Cir. 1996).  Here, Defendant argues that Plaintiff's
retaliation claim fails because Plaintiff does not allege a
causal connection between the protected activity and the adverse
employment actions.  ECF No. 10-1 at 7-10.  The Court finds that
Plaintiff has failed to allege the required causal connection.
Plaintiff does not allege any direct evidence that Defendant
suspended him or terminated him because he complained about the
alleged racial harassment.  See ECF No. 1.  Plaintiff does not
allege any facts regarding when he complained about the alleged
racial harassment, which might allow the Court to infer a causal
link.  See id. ¶ 10; Villiarimo v. Aloha Island Air, Inc., 281
F.3d 1054, 1068 (9th Cir. 2002) (stating that "temporal proximity
between the protected action and the termination [would] give
rise to an inference of causation").  Further, Plaintiff does not
allege any facts to suggest that the person who suspended or
terminated Plaintiff had knowledge of Plaintiff's protected

activity.  See Kapu v. Sears, Roebuck & Co., No. 09-00602 DAE

BMK, 2010 WL 2943339, at *10 (D. Haw. July 27, 2010) (dismissing

retaliation claim where the plaintiff failed to allege that the

person who terminated the plaintiff had knowledge of the

plaintiff's protected act).  Because Plaintiff fails to allege a

causal link between his suspension or termination and his

protected activity, Plaintiff's Complaint fails to state a claim

under Title VII for retaliation.  Defendant's request to dismiss

this claim is GRANTED.

**III.  Defendant's Request to Dismiss Plaintiff's Claim Under Hawaii's Whistleblowers' Protection Action is GRANTED.**

To state a claim under HWPA, Plaintiff must allege

that:  (1) he engaged in protected whistleblowing conduct;

(2) Defendant took some adverse action against him; and (3) there

is a causal connection between the adverse action and the

whistleblowing.  See Griffin v. JTSI, Inc., 654 F. Supp. 2d 1122,

1131 (D. Haw. 2008) (citing Crosby v. State Dept. of Budget &

Fin., 876 P.2d 1300, 1310 (Haw. 1994)).  For the same reasons

discussed above regarding Plaintiff's Title VII retaliation

claim, Plaintiff fails to allege a causal link between his

suspension or termination and his protected activity.

Defendant's request to dismiss this claim is GRANTED.

Although Plaintiff's Complaint fails to state a claim,

the Court cannot say at this initial stage that amendment would

be futile.  Accordingly, with the exception of Plaintiff's claim

for intentional infliction of emotional distress, the dismissal

of the Complaint is without prejudice and with leave to amend.

CONCLUSION

The Court GRANTS Defendant Rengo Packaging, Inc.'s

Motion to Dismiss and GRANTS Plaintiff leave to file an amended

complaint addressing the deficiencies identified above no later

than September 15, 2017.  If Plaintiff does not file an amended

complaint by September 15, 2017, the Clerk of Court is directed

to enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, AUGUST 31, 2017.

Richard L. Puglisi
United States Magistrate Judge

**ROSS v. RENGO PACKAGING, INC.; CIVIL NO. 17-00200 RLP; MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT RENGO PACKAGING, INC.'S MOTION TO DISMISS**